IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
CROP PRODUCTION SERVICES,    )
INC., a Delaware             )
corporation,                 )
                             )
     Plaintiff,              )
                             )    CIVIL ACTION NO.
     v.                      )     1:10cv395-MHT
                             )         (WO)
TED BAXTER, an individual,   )
                             )
     Defendant.              )
```

OPINION

Plaintiff Crop Production Services, Inc. ("CPS") filed this lawsuit against defendant Ted Baxter, bringing multiple state claims arising from Baxter's alleged failure to pay for goods and services ordered and received from CPS. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (diversity). This lawsuit is now before the court on CPS's motion for default judgment against Baxter in the amount of $ 255,023.66, plus interest and costs.

CPS perfected service of a summons and complaint on Baxter on May 18, 2010.  See Proof of Service (Doc. No. 3).  It filed the instant motion for default judgment on June 17.  Attached to the motion is the affidavit of Joe Allen, CPS's "Alabama and Mississippi Credit Manager."  Allen Aff. at ¶ 2 (Doc. No. 4-3).  Allen states: "As of June 9, 2010, the total account debt owed to CPS by Ted Baxter was $ 255,023.66.  This amount is comprised of $ 220,489.07, principal, and $ 34,534.59, interest.  Interest will continue to accrue at the contract rate of $ 110.2446 per day after June 9, 2010."  Id. at ¶ 8.

On June 24, the court ordered that "Baxter show cause, if any there be, in writing by July 9, 2010, as to why [CPS's] motion for default judgment should not be granted."  Order at 1 (Doc. No. 6) (internal citation omitted).  The court "informed [him] that if he fail[ed] to respond within the time allowed, default judgment will be entered as requested."  Id.

2

The July 9 deadline has come and gone, but Baxter has yet to show cause why judgment should not be entered against him.

As detailed in the factual background provided above, Baxter was served with a copy of the summons and complaint; failed to respond to the summons and complaint within the time allowed; and failed to respond timely to an order of this court to show cause as to why final judgment should not be entered against him.  Accordingly, this court is of the opinion that CPS's motion for entry of default judgment should be granted and that judgment of default as to the amount requested should be entered against Baxter.

A judgment will be entered in accordance with this opinion.

DONE, this the 12th day of July, 2010.

                 /s/ Myron H. Thompson
                 UNITED STATES DISTRICT JUDGE